Skip to Main Content   Logout   My Account   Search Menu   Search   Refine Search   Back

Location : 2nd District   Images

# REGISTER OF ACTIONS
## CASE NO. D-202-CV-2011-12063

| | | |
|---|---|---|
| BLOOMFIELD NURSING OPERATIONS LLC, et al.. v. Amerigroup Corporation Inc, et al. | § § § § § § | Case Type: **Contract/Debt & Money Due** <br> Date Filed: **12/07/2011** <br> Location: <br> Judicial Officer: **Campbell, Clay** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| 3rd Party | Bloomfield Nursing Operations LLC | Mary Moran Behm |
| 3rd Party | Cathedral Rock Corporation | Daniel William Shapiro |
| 3rd Party | Cathedral Rock Management LP | Daniel William Shapiro |
| 3rd Party | CR Acquisitions Inc | Daniel William Shapiro |
| 3rd Party | NM SKILLED CARE LLC | Daniel William Shapiro |
| 3rd Party | Renaissance Rehabilitation Services LLC | Daniel William Shapiro |
| 3rd Party | Amerigroup Community Care of NM Inc | Sharon T. Shaheen |
| Counter | Bloomfield Nursing Operations LLC | Mary Moran Behm |
| Counter | Casa Real Nursing Operations LLC | Daniel William Shapiro |
| Counter | Clayton Nursing Operations LLC | Daniel William Shapiro |
| Counter | Espanola Valley Nursing Operations LLC | Daniel William Shapiro |
| Counter | Raton Nursing Operations LLC | Daniel William Shapiro |
| Counter | Red Rocks Nursing Operations LLC | Daniel William Shapiro |
| Counter | Santa Fe Nursing Operations LLC | Daniel William Shapiro |
| Counter | Silver City Nursing Operations LLC | Daniel William Shapiro |
| Counter | Sunshine Haven Nursing Operations LLC | Daniel William Shapiro |
| Counter Plaintiff | Amerigroup Community Care of NM Inc | Sharon T. Shaheen <br> *Retained* <br><br> Jennifer Anne Noya <br> *Retained* <br> 505-848-1800(W) <br><br> Lisa Mann <br> *Retained* <br> 505-848-1830(W) |

**EXHIBIT**

tabbies

A

| | | |
|---|---|---|
| Defendant | Amerigroup Community Care of NM Inc | Sharon T. Shaheen |
| Defendant | Amerigroup Corporation Inc | Sharon T. Shaheen |
| Plaintiff | BLOOMFIELD NURSING OPERATIONS LLC | Andrew L. Johnson |
| Plaintiff | CASA REAL NURSING OPERATIONS LLC | Andrew L. Johnson |
| Plaintiff | CLAYTON NURSING OPERATIONS LLC | Andrew L. Johnson |
| Plaintiff | COUNTRY COTTAGE NURSING OPERATIONS LLC | Andrew L. Johnson *Retained* |
| Plaintiff | ESPANOLA VALLEY NURSING OPERATIONS LLC | Andrew L. Johnson *Retained* |
| Plaintiff | RATON NURSING OPERATIONS LLC | Andrew L. Johnson |
| Plaintiff | RED ROCKS NURSING OPERATIONS LLC | Andrew L. Johnson |
| Plaintiff | SANTA FE NURSING OPERATIONS LLC | Andrew L. Johnson |
| Plaintiff | SILVER CITY NURSING OPERATIONS LLC | Andrew L. Johnson |
| Plaintiff | SUNSHINE HAVEN NURSING OPERATIONS LLC | Andrew L. Johnson *Retained* |

## EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

| 07/10/2017 | **Discharged by Bankruptcy** (Judicial Officer: Campbell, Clay) |
|---|---|
| | Comment () |

**OTHER EVENTS AND HEARINGS**

| 12/07/2011 | **Cause Of Actions** | Breach of Contract |
|---|---|---|
| | Filed By: | BLOOMFIELD NURSING OPERATIONS LLC |
| | Filed Against: | Amerigroup Corporation Inc |
| | Action Type | Action |
| 12/07/2011 | **Cause Of Actions** | Bad Faith |
| | Action Type | Action |
| 12/12/2011 | **OPN: COMPLAINT** | |
| | *Complaint For Breach of Contract, Bad Faith, and Unjust Enrichment* | |
| 12/12/2011 | **ARB: CERT NOT SUBJECT** | |
| 12/14/2011 | **Summons** | |

| | Amerigroup Corporation Inc | Served | 01/15/2012 |
|---|---|---|---|
| | | Response Received | 04/09/2012 |
| | | Returned | 01/30/2012 |
| | Amerigroup Community Care of NM Inc | Served | 01/11/2012 |
| | | Response Received | 04/09/2012 |
| | | Returned | 01/30/2012 |

| 01/30/2012 | **SUMMONS RETURN** |
|---|---|
| | *served Leanne Martone for DF on 01/15/12* |
| 01/30/2012 | **SUMMONS RETURN** |
| | *served Garriella Chavira for DF on 01/11/12* |
| 02/03/2012 | **ENTRY OF APPEARANCE** |
| | *Jennifer Noya & Lisa Mann for DFS* |
| 02/03/2012 | **JDG: JUDGE EXCUSAL/PEREMPTORY CHALLENGE** (Judicial Officer: Baca, Theresa M. ) |
| | *Peremptory Election to Excuse Judge* |
| 02/07/2012 | **NTC: JUDGE ASSIGNMENT** (Judicial Officer: Campbell, Clay ) |
| 02/10/2012 | **ANSWER** |
| | *Answer of Defendants Amerigroup Corporation and Amerigroup Communicty Care of New Mexico, Inc.* |
| 02/10/2012 | **MTN: TO DISMISS** |
| | *Defendants Amerigroup Corporation and Amerigroup Community Care of New Mexico, Inc.'s Moiton to Dismiss or Stay Plaintiffs' Claims* |
| 02/10/2012 | **MTN: MOTION** |
| | *Motion for Protective Order and Stay of Discovery* |
| 02/10/2012 | **REQUEST FOR HEARING/ SETTING** |
| | *Request for Hearing - Defendants' Motion to Dismiss or Stay Plaintiffs' Claims and Defendants' Motion for Protective Order and Stay of Discovery* |
| 02/22/2012 | **JURY DEMAND 12 PERSON** |
| | *Jury Demand* |

| | |
|---|---|
| 02/28/2012 | **RESPONSE** |
| | *Plaintiffs' Response to Defendants Motion to Dismiss or Stay Plaintiffs' Claims* |
| 02/29/2012 | **CERTIFICATE OF SERVICE** |
| | *Certificate of Service of Plaintiffs' Response to Defendants' Motion to Dismiss* |
| 03/06/2012 | **RESPONSE** |
| | *Plaintiffs' Response to Defendants Amerigroup Corporation and Amerigroup Community Care of New Mexico, Inc.'s Motion for Protective Order and Stay of Discovery* |
| 03/21/2012 | **MTN: MOTION** |
| | *to Disqualify Defense Counsel for Their Conflict of Interest* |
| 04/02/2012 | **REPLY** |
| | *Defendant Amerigroup Community Care of New Mexico Inc.'s Reply to its Motion for Protective Order and Stay of Discovery* |
| 04/02/2012 | **REPLY** |
| | *Defendants Amerigroup Corporation and Amerigroup Community Care of New Mexico Inc. s Reply to Their Motion to Dismiss or Stay Plaintiffs Claims* |
| 04/09/2012 | **RESPONSE** |
| | *Defendants' Response to Plaintiffs' Motion to Disqualify Defense Counsel* |
| 04/19/2012 | **NTC: COMPLETION OF BRIEFING** |
| | *Notice of Completion of Briefing on Motion for Protective Order Stay of Discovery* |
| 04/19/2012 | **NTC: COMPLETION OF BRIEFING** |
| | *Notice of Completion of Briefing on Motions to Dismiss* |
| 04/27/2012 | **REPLY** |
| | *Plaintiffs' Reply in Support of Their Motion to Disqualify Defense Counsel for Their Conflict of Interest* |
| 04/30/2012 | **NTC: COMPLETION OF BRIEFING** |
| | *On PL's Motion to Disqualify Defense Counsel* |
| 04/30/2012 | **REQUEST FOR HEARING/ SETTING** |
| | *On PL's Motion to Disqualify Defense Counsel* |
| 05/16/2012 | **NTC: OF HEARING** |
| | *Def's Motion for Protective Order and Stay of Discovery (filed 2/10/12) set on 06/04/12 at 3:00 PM* |
| 05/16/2012 | **NTC: OF HEARING** |
| | *Def's Motion to Dismiss Or Stay Plaintiff's Claim set on 08/01/12 at 2:00 PM* |
| 06/04/2012 | **MOTION HEARING** (3:00 PM) (Judicial Officer Campbell, Clay) |
| | *DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND STAY OF DISCOVERY* |
| | Parties Present |
| | Result: Held |
| 06/04/2012 | CANCELED **MOTION HEARING** (10:30 AM) (Judicial Officer Campbell, Clay) |
| | *Vacated* |
| | *ORDER DENYING MOTION ENTERED 7/23/12* |
| 06/07/2012 | **NTC: OF HEARING** |
| | *Motion to Disqualify Defense Counsel for Their Conflict of Interest hearing on 8-20-2012 @10:30 am* |
| 06/07/2012 | **AFFIDAVIT** |
| | *Affidavit of Marisa Dawson (Affiant)* |
| 06/07/2012 | **CERTIFICATE OF SERVICE** |
| | *Certificate of Service of Affidavit of Marisa Dawson* |
| 06/21/2012 | **AFFIDAVIT** |
| | *Notice of Filing Affidavit of Leigh Davison* |
| 06/21/2012 | **ORD: ORDER GRANTING** |
| | *ORDER GRANTING DEFENDANT AMERIGROUP COMMUNITY CARE OF NEW MEXICO INC.'s MOTION FOR PROTECTIVE ORDER AND STAY OF DISCOVERY* |
| 07/23/2012 | **ORD: ORDER DENYING** (Judicial Officer: Campbell, Clay ) |
| | *Defendants Amerigroup Corp and Amerigroup Community Care of NM, Inc's motion to dismiss or stay Plaintiffs claims* |
| 07/26/2012 | **DISCOVERY** |
| 07/31/2012 | **NTC: OF HEARING** |
| | *Amended notice of motion hearing on motion on 08/20/12 @ 9:00 am* |
| 08/01/2012 | CANCELED **MOTION HEARING** (2:00 PM) (Judicial Officer Campbell, Clay) |
| | *Vacated* |
| | *MOTION DENIED ON JUNE 26, 2012* |
| 08/20/2012 | **MOTION HEARING** (9:00 AM) (Judicial Officer Campbell, Clay) |
| | *PF MOTION TO DISQUALIFY DEFENSE COUNSEL FOR THIE CONFLICT OF INTEREST 15 MINUTES* |
| | Parties Present |
| | *08/20/2012 Reset by Court to 08/20/2012* |
| | Result: Taken Under Advisement |
| 08/27/2012 | **ORD: ORDER** |
| | *Granting Motion to Disqualify Defense Counel* |
| 09/12/2012 | **ORD: ORDER GRANTING** |
| | *Order granting Plaintiffs' Motion to disqualify defense counsel for their conflict of interest* |
| 10/11/2012 | **WITHDRAWAL/ ENTRY/ SUBSTITUTION OF COUNSEL** |
| | *Notice of Withdrawal and Substitution of Counsel (Randy s Bartell & Sharon T Shaheen)* |
| 01/16/2013 | **DISCOVERY** |
| 06/12/2013 | **MTN: MOTION** |
| | *Plaintiffs' Motion to Disqualify Montgomery & Andrews for Its Conflict of Interest* |
| 06/27/2013 | **RESPONSE** |
| | *Response to Plaintiff's Motion to Disqualify Montgomery & Andrews for its Conflict of Interest* |
| 07/17/2013 | **REPLY** |
| | *Plaintiffs' Reply in Support of Their Motion to Disqualify Montgomery and Andrews for Its Conflict of Interest* |
| 07/17/2013 | **NTC: COMPLETION OF BRIEFING** |
| | *Motion to Disqualify Montgomery and Andrews for its Conflict of Interest* |
| 07/17/2013 | **REQUEST FOR HEARING/ SETTING** |
| | *Request for Expedited Hearing Motion to Disqualify Montgomery and Andrews for its Conflict of Interest* |
| 08/22/2013 | **NTC: OF HEARING** |
| | *Plaintiff's Motion to Disqualify Montgomery & Andrews for its Conflict of Interest (filed 6/12/13) to be heard on 9/10/13 at 1:30 pm)* |
| 09/10/2013 | **MOTION HEARING** (1:30 PM) (Judicial Officer Campbell, Clay) |
| | *PLAINTIFF'S MOTION TO DISQUALIFY MONTGOMERY & ANDREWS FOR ITS CONFLICT OF INTEREST (FILED 6/12/13)* |

| | |
|---|---|
| | Parties Present |
| | Result: Held |
| 09/12/2013 | **MTN: MOTION** |
| | *Unopposed Motion to Exceed Page Limitations* |
| 09/17/2013 | **ORD: STIPULATED** |
| | *Stipulated Order Allowing Plaintiffs to Exceed Page Limits in Their Motion to Compel Answers to First Discovery Requests allowing Motion to be 15 page with 55 pages of exhibits; allowing defendants need to exceed page limitations as well, they are allowed to do so* |
| 09/18/2013 | **MTN: TO COMPEL** |
| | *Plaintiffs' Motion to Compel Answers to Plaintiffs' First Discovery Requests* |
| 10/23/2013 | **ORD: ORDER DENYING** (Judicial Officer: Campbell, Clay ) |
| | *ORDER DENYING PLAINTIFFS MOTION TO QUALIFY MONTGOMERY & ANDREWS FOR ITS CONFLICT OF INTEREST as outlined* |
| 11/26/2013 | **MTN: TO WITHDRAW** |
| | *UNOPPOSED MOTION FOR WITHDRAWAL AND SUBSTITUTION OF COUNSEL* |
| 12/09/2013 | **ORD: WITHDRAWAL/ SUBSTITUTION OF COUNSEL** |
| | *Stipulated Order Allowing Withdrawal and Substitution of Counsel-Shapiro Bettinger Chanse LLP withdrawing and Dan Shapiro substituting* |
| 03/12/2014 | **DISCOVERY** |
| 03/12/2014 | **ENTRY OF APPEARANCE** |
| | *Notice of Additional Counsel* |
| 03/24/2014 | **RESPONSE** |
| | *Response to Plaintiffs' Motion to Compel Answers to Plaintiffs' First Discovery Responses* |
| 04/02/2014 | **DISCOVERY** |
| 04/11/2014 | **DISCOVERY** |
| 04/11/2014 | **MTN: MOTION TO AMEND/ MODIFY** |
| | *Motion to Amend Complaint* |
| 04/22/2014 | **ORD: ORDER GRANTING** |
| | *ORDER ON MOTION TO AMEND COMPLAINT* |
| 04/23/2014 | **DISCOVERY** |
| 04/24/2014 | **AMENDED COMPLAINT** |
| | *First Amended Complaint* |
| 05/06/2014 | **MTN: MOTION** |
| | *Motion for Entry of Protective Order* |
| 05/08/2014 | **REPLY** |
| | *Plaintiffs' Reply in Support of Their Motion to Compel Answers to Plaintiffs' First Discovery Requests* |
| 05/08/2014 | **ANSWER** |
| | *Answer to First Amended Complaint* |
| 05/08/2014 | **MTN: TO DISMISS** |
| | *Motion to Dismiss Counts I, VI, VII, IX, X and XI of the First Amended Complaint* |
| 05/08/2014 | **MEMORANDUM IN SUPPORT** |
| | *Memorandum in Support of Motion to Dismiss Counts I, VI, VII, IX, X and XI of the First Amended Complaint* |
| 05/13/2014 | **REQUEST FOR HEARING/ SETTING** |
| | *On Plaintiffs' Motion to Compel Answers to Plaintiffs' Discovery Requests* |
| 05/13/2014 | **NTC: COMPLETION OF BRIEFING** |
| | *On Plaintiffs Motion to Compel Answers to Plaintiffs Discovery Requests* |
| 05/21/2014 | **RESPONSE** |
| | *Plaintiff Response to Defendants Motion to Enter Protective Order* |
| 05/21/2014 | **DISCOVERY** |
| 05/30/2014 | **NTC: OF HEARING** |
| | *6-25-2014 @ 9:30 a.m.* |
| 06/02/2014 | **RESPONSE** |
| | *Plaintiffs' Response to Defendants' Motion to Dismiss Counts I, VI, VII, IX, X and XI of the First Amended Complaint* |
| 06/02/2014 | **ANSWER** |
| | *Plaintiffs' Reply to Counterclaim and Answer to Third-Party Complaint* |
| 06/05/2014 | **NTC: OF HEARING** |
| | *AMENDED NOTICE OF HEARING* |
| 06/12/2014 | **MTN: MOTION** |
| | *Motion to Appoint Special Master for Discovery Disputes* |
| 06/16/2014 | **REPLY** |
| | *Defendants Reply in Support of Motion for Protective Order* |
| 06/16/2014 | **NTC: COMPLETION OF BRIEFING** |
| | *On Motion for Entry of Protective Order* |
| 06/16/2014 | **REQUEST FOR HEARING/ SETTING** |
| | *On Motion for Entry of Protective Order* |
| 06/20/2014 | **DISCOVERY** |
| 06/25/2014 | **MOTION HEARING**  (9:30 AM) (Judicial Officer Campbell, Clay) |
| | *AMERIGROUP COMMUNITY CARE OF NM MOTION TO COMPEL ANSWERS TO PLAINTIFFS' FIRST DISCOVERY REQUESTS (FILED 9/18/13)* |
| | Parties Present |
| | Result: Held |
| 06/26/2014 | **WITHDRAWN** |
| | *Notice of Withdrawal of Motion for Protective Order* |
| 06/27/2014 | **RESPONSE** |
| | *Defendants' Response In Opposition to Plaintiffs Motion To Appoint Special Master for Discovery Disputes* |
| 06/27/2014 | **REPLY** |
| | *Reply in Support of Defendants' Motion to Dismiss Counts I, VI, VII, IX, X and XI of the First Amended Complaint* |
| 06/27/2014 | **NTC: COMPLETION OF BRIEFING** |
| | *Motion to Dismiss Counts I, VI,VII,IX, X and XI of the First Amended Complaint* |
| 06/27/2014 | **REQUEST FOR HEARING/ SETTING** |
| 06/27/2014 | **ORD: STIPULATED** |
| | *STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER: as outlined in order* |
| 07/11/2014 | **REPLY** |
| | *Plaintiffs Reply in Support of Their Motion to Appoint Special Master* |
| 07/11/2014 | **NTC: COMPLETION OF BRIEFING** |
| | *On Motion to Appoint Special Master for Discovery Disputes* |

| 07/11/2014 | REQUEST FOR HEARING/ SETTING |
| | *On Plaintiffs Motion to Appoint Special Master for Discovery Disputes* |
| 07/23/2014 | ENTRY OF APPEARANCE |
| 07/23/2014 | ENTRY OF APPEARANCE |
| | *Co-Counsel w/Shapiro re 3d Pty Defs, NM Skilled Care, Cathedral Rock Acquisitions, Renaissance Rehab Svcs* |
| 07/25/2014 | ARB: CERT NOT SUBJECT |
| 07/28/2014 | NTC: OF HEARING |
| | *on Motion to Dismiss 9-11-14 @ 2:30 pm* |
| 07/29/2014 | DISCOVERY |
| 07/29/2014 | DISCOVERY |
| 07/29/2014 | DISCOVERY |
| 07/30/2014 | NTC: OF HEARING |
| | *Notice of Hearing on Plaintiff's Motion to Appoint Special Master for Discovery Disputes set 08-12-14 at 10:00 am* |
| 07/31/2014 | DISCOVERY |
| 08/01/2014 | AFFIDAVIT |
| | *Of non-admitted lawyer* |
| 08/05/2014 | Summons |

| | | |
|---|---|---|
| | NM SKILLED CARE LLC | Unserved |
| | Cathedral Rock Corporation | Unserved |
| | Cathedral Rock Management LP | Unserved |
| | CR Acquisitions Inc | Unserved |
| | Renaissance Rehabilitation Services LLC | Unserved |

| 08/05/2014 | NTC: OF DEPOSITION |
| 08/05/2014 | NTC: OF DEPOSITION |
| 08/12/2014 | MOTION HEARING  (10:00 AM) (Judicial Officer Campbell, Clay) |
| | *PLAINTIFFS' MOTION TO APPOINT SPECIAL MASTER FOR DISCOVERY DISPUTES (FILED 6/12/14)* |
| | Parties Present |
| | Result: Held |
| 08/14/2014 | ORD: ORDER DENYING |
| | *ORDER DENYING PLAINTIFFS MOTION TO APPOINT SPECIAL MASTER FOR DISCOVERY DISPUTES* |
| 08/15/2014 | DISCOVERY |
| 08/21/2014 | NTC: OF DEPOSITION |
| 08/28/2014 | DISCOVERY |
| 09/05/2014 | DISCOVERY |
| 09/08/2014 | ORD: ON MOTION TO COMPEL |
| | *Order Granting in Part, and Denying in Part, Plaintiffs' Motion to Compel Answers to Plaintiffs' First Discovery Requests* |
| 09/11/2014 | MOTION HEARING  (2:30 PM) (Judicial Officer Campbell, Clay) |
| | *DEFENDANTS' MOTION TO DISMISS COUNTS I, VI, VII, IX, X AND XI OF THE FIRST AMENDED COMPLAINT (5/8/14)* |
| | Parties Present |
| | Result: Held |
| 09/11/2014 | ORD: ORDER |
| | *Order directing parties to meet and confer* |
| 09/15/2014 | DISCOVERY |
| 09/18/2014 | ORD: OF DISMISSAL |
| | *ORDER ON DEFENDANTS MOTION TO DISMISS COUNTS I, VI, VII, IX, X AND XI OF THE FIRST AMENDED COMPLAINT* |
| 10/07/2014 | DISCOVERY |
| 10/17/2014 | STENOGRAPHIC CERTIFICATE |
| 10/20/2014 | DISCOVERY |
| 11/12/2014 | DISCOVERY |
| 01/13/2015 | DISCOVERY |
| 02/11/2015 | DISCOVERY |
| 02/23/2015 | MTN: MOTION |
| | *Unopposed Motion to Exceed Page Limitation on Plaintiffs' Motion to Compel* |
| 02/23/2015 | DISCOVERY |
| 02/26/2015 | ORD: ORDER GRANTING |
| | *ORDER GRANTING PLAINTIFFS UNOPPOSED MOTION TO EXCEED PAGE LIMITS ON PLAINTIFFS MOTION TO COMPEL* |
| 03/02/2015 | MTN: TO COMPEL |
| | *Motion to Compel Answers to Second Interrogatories* |
| 03/02/2015 | MTN: TO COMPEL |
| | *Fifth Motion to Compel: Responses to Plaintiff Bloomfield Nursing Operations, LLC's Fourth Set of Requests for Production* |
| 03/02/2015 | MTN: TO COMPEL |
| | *Fourth Motion to Compel: Responses to Plaintiff Bloomfield Nursing Operations, LLC's Third Set of Requests for Production* |
| 03/02/2015 | MTN: MOTION |
| | *Motion to Enforce September 8, 2014 Order and for Sanctions* |
| 03/03/2015 | MTN: TO COMPEL |
| | *Third Motin to Compel: Responses to Plaintiff Bloomfield Nursing's Second Set of Requests for Production* |
| 03/18/2015 | MOTION/ PETITION TO EXTEND TIME |
| | *Unopposed Motion to Extend Time for Defendants to Respond to Plaintiffs' Discovery Motions, and to Exceed Page Limitations on Consolidated Response to Plaintiffs' Discovery Motion* |
| 03/26/2015 | ORD: ORDER GRANTING |
| | *ORDER GRANTING UNOPPOSED MOTION TO EXTEND TIME FOR DEFENDANTS TO RESPOND TO PLAINTIFFS DISCOVERY MOTIONS, AND TO EXCEED PAGE LIMITATIONS ON CONSOLIDATED RESPONSE TO PLAINTIFFS DISCOVERY MOTIONS* |
| 03/27/2015 | RESPONSE |
| | *Defendants' Response in Opposition to Plaintiffs' Motions to Compel* |
| 04/01/2015 | REQUEST FOR HEARING/ SETTING |
| | *Request for Hearing* |
| 04/08/2015 | MTN: TO COMPEL |
| | *Plaintiffs' Sixth Motion to Compel: Responses to Request for Production No. 115* |
| 04/08/2015 | MTN: MOTION |
| | *Unopposed Motion to File Reply and Exhibits Under Seal and to Exceed Exhibit Page Limits* |
| 04/13/2015 | DISCOVERY |
| 04/13/2015 | ORD: STIPULATED |
| | *STIPULATED ORDER GRANTING PLAINTIFFS UNOPPOSED MOTION TO FILE REPLY AND EXHBITS UNDER SEAL* |

| 04/15/2015 | REPLY |
|---|---|
| | *CONSOLIDATED REPLY IN SUPPORT OF PLAINTIFFS MOTION TO COMPEL NOS.2-5 AND PLAINTIFFS MOTION TO ENFORCE PREVIOUS ORDER* |
| 04/16/2015 | NTC: COMPLETION OF BRIEFING |
| | *Plaintiffs' Motion to Compel Nos. 2-5 and Plaintiffs' Motion to Enforce Previous Order* |
| 04/16/2015 | REQUEST FOR HEARING/ SETTING |
| 04/22/2015 | BRIEF |
| | *Defendants' Brief Regarding Trial Time* |
| 04/22/2015 | BRIEF |
| | *Plaintiffs' Brief in Support of Their Request for a Three Week Trial Setting* |
| 04/23/2015 | ORD: OF APPOINTMENT |
| | *ORDER APPOINTING DISCOVERY SPECIAL MASTER PURSUANT TO RULE 1-053* |
| 04/27/2015 | NTC: OF HEARING |
| | *NOTICE OF ON-THE-RECORD SCHEDULING CONFERENCE SET 05-21-15 AT 2:00 PM* |
| 04/27/2015 | DISCOVERY |
| 04/27/2015 | RESPONSE |
| | *Defendants Response in Opposition to Plaintiffs Sixth Motion to Compel* |
| 05/10/2015 | REPLY |
| | *Plaintiffs' Reply in Support of Their Sixth Motion to Compel: Responses to Plaintiff Bloomfield Nursing Operations, LLC's Request for Production No. 115* |
| 05/12/2015 | NTC: COMPLETION OF BRIEFING |
| | *On Plaintiffs' Sixth Motion to Compel* |
| 05/12/2015 | REQUEST FOR HEARING/ SETTING |
| 05/21/2015 | SCHEDULING CONFERENCE  (2:00 PM) (Judicial Officer Campbell, Clay) |
| | *ON-THE-RECORD RULE 16 SCHEDULING CONFERENCE* |
| | Parties Present |
| | Result: Held |
| 06/08/2015 | DISCOVERY |
| 06/22/2015 | DISCOVERY |
| 07/07/2015 | NTC: OF HEARING |
| 07/09/2015 | DISCOVERY |
| 08/04/2015 | STATUS CONFERENCE  (10:00 AM) (Judicial Officer Campbell, Clay) |
| | *STATUS CONFERENCE TO ADDRESS TRIAL DATE AND LENGTH OF TRIAL* |
| | Parties Present |
| | Result: Held |
| 08/04/2015 | NTC: OF JURY TRIAL |
| | *Notice of Trial Setting on Trial on the Merits set 03-06-2017* |
| 11/23/2015 | DISCOVERY |
| 12/22/2015 | MTN: TO WITHDRAW |
| | *Unopposed Motion to Withdraw* |
| 01/13/2016 | ORD: WITHDRAWAL/ SUBSTITUTION OF COUNSEL |
| | *ORDER GRANTING UNOPPOSED MOTION TO WITHDRAW* |
| 01/14/2016 | DISCOVERY |
| 01/19/2016 | ENTRY OF APPEARANCE |
| 01/22/2016 | MTN: TO WITHDRAW |
| | *Unopposed Motion to Withdraw and Substitute Counsel* |
| 02/02/2016 | ORD: WITHDRAWAL/ SUBSTITUTION OF COUNSEL |
| | *ORDER APPROVING WITHDRAWAL AND SUBSTITUTION OF COUNSEL* |
| 02/09/2016 | AFFIDAVIT |
| 04/26/2016 | SPECIAL MASTER REPORT |
| | *Court Appointed Discovery Special Master's Status Report and Order* |
| 04/28/2016 | REPORT |
| | *Court Appointed Discovery Special Master's Second Status Report* |
| 04/29/2016 | NTC: OF FILING |
| | *Notice of Filing Special Master's Report to counsel of record (Clerk)* |
| 10/28/2016 | WITHDRAWN |
| | *Notice of Withdrawal of Plaintiff's Motions to Compel* |
| 11/23/2016 | MTN: TO WITHDRAW |
| 12/02/2016 | NTC: OF HEARING |
| 12/14/2016 | MTN: TO WITHDRAW |
| | *Unopposed Motion for Withdrawal and Substitution of Counsel* |
| 12/14/2016 | ORD: WITHDRAWAL/ SUBSTITUTION OF COUNSEL |
| 12/15/2016 | CANCELED   MOTION HEARING  (9:00 AM) (Judicial Officer Campbell, Clay) |
| | Stipulated to Cancel |
| | *MARY BEHM, ESQ.'S MOTION TO WITHDRAW (FILED 11/23/16)* |
| 12/21/2016 | MTN: JOIN |
| | *Joint Motion Requesting a Status Conference* |
| 12/21/2016 | REQUEST FOR HEARING/ SETTING |
| | *Re: Status Conference* |
| 01/10/2017 | MTN: TO VACATE |
| | *Joint Motion to Vacate Current Trial Date of March 6-24, 2017* |
| 01/10/2017 | REQUEST FOR HEARING/ SETTING |
| | *Request for Rule 16 Scheduling Conference* |
| 01/13/2017 | ORD: VACATING HEARING |
| | *STIPULATED ORDER GRANTING JOINT MOTION TO VACATE CURRENT TRIAL DATE OF MARCH 6-24, 2017* |
| 01/13/2017 | ORD: ORDER |
| | *Order directing parties to meet and confer on all matters contemplated by Rule 1-016* |
| 02/27/2017 | CANCELED   MOTION HEARING  (9:00 AM) (Judicial Officer Campbell, Clay) |
| | Stipulated to Cancel |
| | *PRETRIAL MATTERS* |
| 02/28/2017 | CANCELED   MOTION HEARING  (9:00 AM) (Judicial Officer Campbell, Clay) |
| | Stipulated to Cancel |
| | *PRETRIAL MATTERS* |

| | |
|---|---|
| 03/01/2017 | *CANCELED*  **MOTION HEARING**  (9:00 AM) (Judicial Officer Campbell, Clay) |
| | *Stipulated to Cancel* |
| | *PRETRIAL MATTERS* |
| 03/02/2017 | *CANCELED*  **MOTION HEARING**  (9:00 AM) (Judicial Officer Campbell, Clay) |
| | *Vacated* |
| | *PRETRIAL MATTERS* |
| 03/03/2017 | *CANCELED*  **MOTION HEARING**  (9:00 AM) (Judicial Officer Campbell, Clay) |
| | *Stipulated to Cancel* |
| | *PRETRIAL MATTERS* |
| 03/06/2017 | *CANCELED*  **JURY TRIAL**  (9:00 AM) (Judicial Officer Campbell, Clay) |
| | *Stipulated to Cancel* |
| | *JURY TRIAL 3 WEEKS* |
| 03/13/2017 | *CANCELED*  **JURY TRIAL**  (9:00 AM) (Judicial Officer Campbell, Clay) |
| | *Stipulated to Cancel* |
| | *JURY TRIAL 3 WEEKS* |
| 03/20/2017 | *CANCELED*  **JURY TRIAL**  (9:00 AM) (Judicial Officer Campbell, Clay) |
| | *Stipulated to Cancel* |
| | *JURY TRIAL 3 WEEKS* |
| 04/12/2017 | **REQUEST FOR HEARING/ SETTING** |
| | *Request for Rule 16 Scheduling Conference* |
| 04/19/2017 | **REQUEST FOR HEARING/ SETTING** |
| 04/26/2017 | **NTC: OF HEARING** |
| 05/10/2017 | **SCHEDULING CONFERENCE**  (9:00 AM) (Judicial Officer Campbell, Clay) |
| | *TELEPHONIC RULE 16 SCHEDULING CONFERENCE TO SEET TRIAL DATE* |
| | Result: Held |
| 06/06/2017 | **ORD: RULE 16B SCHEDULING/FORM** |
| | *SCHEDULING CONFERENCE ORDER* |
| 06/30/2017 | **MOTION/ PETITION TO EXTEND TIME** |
| | *Joint Motion to Extend Fact Witness Deadline, from July 3, 2017 to July 10, 2017* |
| 07/10/2017 | **WITNESS LIST** |
| 07/10/2017 | **CLS: NOTICE OF BANKRUPTCY** |
| | *Notice of Bankruptcy (Casa Real Nursing Operations, L.L.C., d/b/a Casa Real Nursing Home)* |
| 07/10/2017 | **NTC: NOTICE OF BANKRUPTCY** |
| | *Notice of Bankruptcy (Bloomfield Nursing Operations, L.L.C., d/b/a Bloomfield Nursing and Rehabilitation)* |
| 07/10/2017 | **NTC: NOTICE OF BANKRUPTCY** |
| | *Notice of Bankruptcy (Red Rocks Nursing Operations, L.L.C., d/b/a Red Rocks Care Center)* |
| 07/11/2017 | **WITNESS LIST** |
| 07/18/2017 | **ORD: EXTENDING TIME** |
| | *Stipulated Order Granting Joint Motion To Extend Fact Witness Deadline, From July 3, 2017, To July 10, 2017* |
| 07/31/2017 | **ENTRY OF APPEARANCE** |
| 07/31/2017 | **NTC: NOTICE OF BANKRUPTCY** |
| | *Notice of Bankruptcy (Sunshine Haven Nursing Operations, LLC a/k/a Sunshine Haven at Lordsburg)* |
| 07/31/2017 | **NTC: NOTICE OF BANKRUPTCY** |
| | *Notice of Bankruptcy (Santa Fe Nursing Operations, LLC a/k/a Santa Fe Care Center)* |
| 07/31/2017 | **NTC: NOTICE OF BANKRUPTCY** |
| | *Notice of Bankruptcy (Espanola Valley Nursing Operations, LLC a/k/a Espanola Valley Nursing and Rehabilitation)* |
| 07/31/2017 | **NTC: NOTICE OF BANKRUPTCY** |
| | *Notice of Bankruptcy (Cathedral Rock Management, L.P.)* |
| 07/31/2017 | **NTC: NOTICE OF BANKRUPTCY** |
| | *Notice of Bankruptcy (Cathedral Rock Corporation)* |
| 08/01/2017 | **SFL: SFACIL REFER & APPT YR** |
| 08/03/2017 | **MOTION/ PETITION TO EXTEND TIME** |
| | *Joint Motion to Extend Expert Witness Deadlines* |
| 08/07/2017 | **ORD: EXTENDING TIME** |
| | *EXPERT WITNESS DEADLINES* |
| 07/09/2018 | **JURY TRIAL**  (9:00 AM) (Judicial Officer Campbell, Clay) |
| | *9 DAYS* |
| 07/16/2018 | **JURY TRIAL**  (9:00 AM) (Judicial Officer Campbell, Clay) |
| | *9 DAYS* |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---:|
| | **Plaintiff** BLOOMFIELD NURSING OPERATIONS LLC | | |
| | Total Financial Assessment | | 432.00 |
| | Total Payments and Credits | | 432.00 |
| | **Balance Due as of 08/14/2017** | | **0.00** |
| 12/07/2011 | Transaction Assessment | | |
| 02/23/2012 | Transaction Assessment | | 132.00 |
| 02/23/2012 | File & Serve Payment | Receipt # ALBD-2012-6083 | 300.00 |
| | | BLOOMFIELD NURSING OPERATIONS | (300.00) |

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/24/2014 11:29:49 AM
GREGORY T. IRELAND
Gwendolen Lindquist

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

No. D-202-CV-2011-12063

BLOOMFIELD NURSING OPERATIONS, LLC,
CASA REAL NURSING OPERATIONS, LLC,
CLAYTON NURSING OPERATIONS, LLC,
COUNTRY COTTAGE NURSING OPERATIONS, LLC,
ESPAÑOLA VALLEY NURSING OPERATIONS, LLC,
RATON NURSING OPERATIONS, LLC,
RED ROCKS NURSING OPERATIONS, LLC,
SANTA FE NURSING OPERATIONS, LLC,
SILVER CITY NURSING OPERATIONS, LLC,
SUNSHINE HAVEN NURSING OPERATIONS, LLC,

       Plaintiffs,

vs.

AMERIGROUP CORPORATION, a Delaware for-profit
corporation; and AMERIGROUP COMMUNITY
CARE OF NEW MEXICO, INC., a New Mexico
for-profit corporation.

       Defendants.

## FIRST AMENDED COMPLAINT

1.    Plaintiff Bloomfield Nursing Operations, LLC, operates as Bloomfield Nursing

and Rehab ("BLOOMFIELD") and is a Delaware Foreign Limited Liability Company.

2.    Plaintiff Casa Real Nursing Operations, LLC, operates as Casa Real ("CASA

REAL") and is a Delaware Foreign Limited Liability Company.

3.    Clayton Nursing Operations, LLC, operates as Clayton Nursing and Rehab

("CLAYTON") and is a Delaware Foreign Limited Liability Company.

4.     Country Cottage Nursing Operations, LLC, operates as Country Cottage Care and Rehab ("COUNTRY COTTAGE") and is a Delaware Foreign Limited Liability Company.

5.     Española Valley Nursing Operations, LLC, operates as Española Valley Nursing and Rehab ("ESPAÑOLA VALLEY") and is a Delaware Foreign Limited Liability Company.

6.     Raton Nursing Operations, LLC, operates as Raton Nursing and Rehab ("RATON") and is a Delaware Foreign Limited Liability Company.

7.     Red Rocks Nursing Operations, LLC, operates as Red Rocks Care Center ("RED ROCKS") and is a Delaware Foreign Limited Liability Company.

8.     Santa Fe Nursing Operations, LLC, operates as Santa Fe Care Center ("SANTA FE") and is a Delaware Foreign Limited Liability Company.

9.     Silver City Nursing Operations, LLC, operates as Silver City Care Center ("SILVER CITY") and is a Delaware Foreign Limited Liability Company.

10.     Sunshine Haven Nursing Operations, LLC, operates as Sunshine Haven at Lordsburg ("SUNSHINE HAVEN") and is a Delaware Foreign Limited Liability Company.

11.     The defendant Amerigroup Community Care of New Mexico, Inc. ("ACCNM") is a New Mexico corporation that is organized under New Mexico law.

12.     Upon information and belief, ACCNM's principal place of business is in Bernalillo County, New Mexico.

13.     The defendant Amerigroup Corporation ("AMERIGROUP") is a Delaware corporation.

14.     Upon information and belief, AMERIGROUP is the parent corporation to ACCNM.

*Bloomfield Nursing Operations, LLC, et al.*
*v. Amerigroup Corporation, Amerigroup Community Center of New Mexico, Inc.*
Complaint, *Page 2 of 20*

15.     All acts complained of here concerning AMERIGROUP and/or ACCNM (collectively referred to as "DEFENDANTS"), including all acts of DEFENDANTS' agents, were ratified, authorized, or participated in, by both DEFENDANTS, their administrators, managers, officers or directors.

16.     At all times, DEFENDANTS were acting through their employees, agents, or apparent agents who were acting within the scope of their employment, agency, or apparent agency with DEFENDANTS.

17.     All acts done by persons working for DEFENDANTS, including all representations to all Plaintiffs (collectively referred to as "PLAINTIFFS"), were made within the scope of those persons' employment, agency, or apparent agency.

18.     On or about August 1, 2008, the State of New Mexico implemented the Coordination of Long Term Services ("CoLTS") program, which is a Medicaid managed care program.

19.     The CoLTS program replaced the traditional Fee-For-Services program and was a new approach to coordinating and delivering health care to certain New Mexico residents.

20.     Around the time CoLTS was implemented, AMERIGROUP, through ACCNM, entered into a "Medicaid Long-Term Services Agreement" ("AGREEMENT") with the State of New Mexico Health Services Department ("HSD") which obligated DEFENDANTS to provide or arrange for benefits under CoLTS.

21.     AMERIGROUP's participation in the CoLTS program posed new and unexpected challenges in its ability to predict health benefits expenses.

22.     In 2008, AMERIGROUP suffered losses totaling almost sixty million USD ($60,000,000.00).

*Bloomfield Nursing Operations, LLC, et al.*
*v. Amerigroup Corporation, Amerigroup Community Center of New Mexico, Inc.*
Complaint, *Page 3 of 20*

23.     Subsequent to DEFENDANTS' entering into the AGREEMENT, AMERIGROUP, through ACCNM, delegated its contractual duties to provide care to a number of health care providers ("PROVIDERS") in New Mexico.

24.     Each Plaintiff is a PROVIDER under the CoLTS program.

25.     Prior to signing contracts with PLAINTIFFS, ACCNM held training sessions in which it instructed all PLAINTIFFS except SUNSHINE HAVEN to bill bed holds just as they had previously billed the State of New Mexico.

26.     PLAINTIFFS bill the State of New Mexico for bed holds under the revenue code 190.

27.     Relying on these representations, PLAINTIFFS billed ACCNM for bed holds under revenue code 190.

28.     ACCNM denies all payments for bed holds under revenue code 190.

29.     To ensure that each Plaintiff enter into a contract with ACCNM, ACCNM's agents and/or employees represented to each Plaintiff that entering into a contract was necessary to ensure continued long-term business with ACCNM. This was, according to ACCNM, because it had a limited amount of funding for non-contracted PROVIDERS.

30.     ACCNM further represented to PLAINTIFFS that, once signed, the contracts would be immediately enforceable.

31.     With the exception of Sunshine Haven, each PLAINTIFF entered into a contract (collectively referred to as "CONTRACTS") with ACCNM. Under the CONTRACTS, each respective Plaintiff would provide certain nursing services to residents of New Mexico, including members of the CoLTS program.

*Bloomfield Nursing Operations, LLC, et al.*
*v. Amerigroup Corporation, Amerigroup Community Center of New Mexico, Inc.*
Complaint, *Page 4 of 20*

32.     After signing contracts, each Plaintiff learned that, contrary to ACCNM's representations, no contract was necessary to continue a long-term relationship with ACCNM. Further, there was no funding shortage for non-contracted PROVIDERS as ACCNM portrayed. Once the CONTRACTS were in place, ACCNM used the CONTRACTS, and the strict procedural hurdles contained in them and in the Provider Manuals, against PLAINTIFFS to justify nonpayment of claims.

33.     Despite ACCNM's representations that the CONTRACTS would be immediately enforceable by both parties, ACCNM refused to recognize the CONTRACTS when doing so would be favorable to PLAINTIFFS, but then enforced the CONTRACTS when doing so was beneficial to ACCNM. As an example, ACCNM pointed to the delayed execution date to justify non-payment of the higher rate under the CONTRACT, but later used the timely filing dates in the CONTRACT to justify non-payment of claims submitted by PLAINTIFFS.

34.     During the first few months of the CONTRACTS, ACCNM's payment systems and software were not functioning properly. As a result, ACCNM's agents made promises to PLAINTIFFS that if they "worked with" ACCNM, PLAINTIFFS would get paid for services performed. ACCNM's agents further assured PLAINTIFFS "not to worry" and that "we will work with you" regarding timely filing and other payment issues.

35.     ACCNM assured payment to PLAINTIFFS even if that meant not following the strict language of the CONTRACTS. To that end, ACCNM's agents instructed PLAINTIFFS to "basically ignore" the timely filing requirements in the CONTRACTS.

36.     ACCNM's assurances to PLAINTIFFS modified the terms of the CONTRACTS to the extent that the timelines set forth in the CONTRACTS were no longer the measure by

*Bloomfield Nursing Operations, LLC, et al.*
*v. Amerigroup Corporation, Amerigroup Community Center of New Mexico, Inc.*
Complaint, *Page 5 of 20*

which PLAINTIFFS were required to submit claims. Despite this modification, ACCNM has enforced the initial terms of the CONTRACTS by denying claims as untimely.

37.    After approximately eighteen months of the CoLTS program, and after it had suffered almost sixty million dollars in losses, DEFENDANTS began implementing and enforcing a number policies, procedures and screening mechanisms through which DEFENDANTS would filter PROVIDERS' claims for payment. In doing so, DEFENDANTS attempted to resurrect the timeliness terms of the CONTRACTS as they read prior to modification.

38.    These procedures were designed and intended to raise unreasonable and unconscionable procedural hurdles to payments owed to PLAINTIFFS such that they would be denied under the pretext that the requests for payment were untimely.

39.    As a consequence of DEFENDANTS' new procedures, and the strictly enforced timelines that came with them, PLAINTIFFS found it nearly impossible to collect payments to which they were rightfully entitled.

40.    Because the CONTRACTS, and PLAINTIFFS' own good conscience, prohibit PLAINTIFFS from refusing to provide necessary care to CoLTS members, PLAINTIFFS must incur the expense of durable medical equipment. This is despite the fact that the CONTRACTS specifically exclude such services from PLAINTIFFS' obligations. Upon information and belief, and to make matters even more unfair, ACCNM is collecting payments from HSD for all necessary services, including durable medical equipment. Though ACCNM is accepting payment, it is refusing to pay PLAINTIFFS for those services.

41.    Rather than notify PLAINTIFFS of all alleged defects in claims at one time, ACCNM's payment website rejects claims one at a time. PLAINTIFFS are therefore required to

*Bloomfield Nursing Operations, LLC, et al.*
*v. Amerigroup Corporation, Amerigroup Community Center of New Mexico, Inc.*
Complaint, *Page 6 of 20*

continuously resubmit the adjusted claim to fix the individual problem raised by ACCNM. Upon

resubmission, PLAINTIFFS are again denied payment due to a second alleged problem, even

though that problem was present when PLAINTIFFS first submitted the claim. When ACCNM

has rejected the claim enough times such that the deadline for timely claims has lapsed, ACCNM

denies the claim for being untimely.

42.     In an attempt to make PLAINTIFFS miss the timely claim submission deadline,

DEFENDANTS do not forward membership enrollment information to PLAINTIFFS. In order

to track such information, PLAINTIFFS have been forced to hire a full-time specialist to

manually check membership enrollment.

43.     ACCNM initially represented that PLAINTIFFS were only required to submit an

authorization request—and specifically not an abstract—for High Acuity Nursing Facility

patients. ACCNM now requires abstracts for High Acuity Nursing Facility patients, creating a

substantial amount of additional work for PLAINTIFFS.

44.     ACCNM's denial of payments is inconsistent and unpredictable, leaving

PLAINTIFFS with no guidance as to ACCNM's actual reimbursement policies.

45.     In responding to inquiries from PLAINTIFFS regarding why claims were denied,

ACCNM instructs PLAINTIFFS to check the Provider Manual that can be downloaded at a URL

provided by ACCNM. This URL, according to ACCNM, will assist PLAINTIFFS with claims

submission and inform PLAINTIFFS of their dispute rights. Once typed into the computer, the

URL provided by ACNNM leads to a nonexistent website. The browser then redirects the user to

a general AmeriGroup website with no mention of a Provider Manual.

*Bloomfield Nursing Operations, LLC, et al.*
*v. Amerigroup Corporation, Amerigroup Community Center of New Mexico, Inc.*
Complaint, *Page 7 of 20*

46.     Though the AGREEMENT and the CONTRACTS, signed in 2008, require ACCNM to provide a Provider Manual to PLAINTIFFS to assist with claims submission, ACCNM refused to provide a Provider Manual until August, 2011.

47.     Once provided, DEFENDANTS' Provider Manual contained a definition of a Clean Claim to include additional requirements by PLAINTIFFS that are in neither the CONTRACTS nor the State of New Mexico's definition of a Clean Claim and were not in existence when PLAINTIFFS signed the CONTRACTS. Upon information and belief, ACCNM used the later and more demanding definition of Clean Claim, found only in its Provider Manual, to justify nonpayment of claims that would have met the definition of Clean Claim under the CONTRACTS.

48.     Other instances of DEFENDANTS' conduct includes, but is not limited to: directing PLAINTIFFS to submit claims under a particular revenue code and then denying all submissions under that code; negotiating, agreeing to, and accepting monies for overpayments made by DEFENDANTS, but refusing to repay underpayments made to PLAINTIFFS as agreed; failing to train and assist PLAINTIFFS in working through claim disputes, as required by the AGREEMENT; failing to transmit information to PLAINTIFFS to ensure their ability to abide by the strict timelines implemented by DEFENDANTS; refusing to reimburse PLAINTIFFS for services provided by PLAINTIFFS, when the DEFENDANTS are being paid by the HSD to provide such care; recouping Medical Care Credits ("MCCs") twice, even though they are only entitled to one recoupment; complicating the claims submission process such as pushing PLAINTIFFS' payments into the "untimely," and thus deniable, provisions of the CONTRACTS; and generally creating so many roadblocks that PLAINTIFFS' ability to collect under the CONTRACTS has become practically impossible.

*Bloomfield Nursing Operations, LLC, et al.*
*v. Amerigroup Corporation, Amerigroup Community Center of New Mexico, Inc.*
Complaint, *Page 8 of 20*

49.     After PLAINTIFFS signed the CONTRACTS, the DEFENDANTS unreasonably

delayed execution of the CONTRACTS and, upon information and belief, did so in order to pay

the PLAINTIFFS at a lower rate for the services they were providing during the delay. Upon

information and belief, DEFENDANTS failed to credential facilities within the timeframe as set

by New Mexico law and have then paid PLAINTIFFS at a lesser rate on account of the facility

not being credentialed.

50.     The hurdles created by DEFENDANTS continue to the present day.

51.     Upon information and belief, despite denying payments to PLAINTIFFS,

DEFENDANTS have received capitated and/or Fee-For-Service payments from the State of New

Mexico for the services that PLAINTIFFS have provided and continue to provide.

52.     Though SUNSHINE HAVEN provided medical services to DEFENDANTS'

clients, ACCNM refuses to compensate SUNSHINE HAVEN for those services, despite

receiving payments from HSD for them.

53.     In 2009, the year after DEFENDANTS entered into the CONTRACTS,

AMERIGROUP's revenue exceeded the five billion USD ($5,000,000,000.00) mark for the first

time in its history.

54.     Though the New Mexico market comprised less than 1% of its national

membership, AMERIGROUP's historical revenues were fueled by the completion of the New

Mexico CoLTS program.

55.     By 2010, and two years after entering the New Mexico market, AMERIGROUP's

revenues reached an all-time high of nearly six billion USD ($6,000,000,000.00).

56.     As of August 31, 2011, DEFENDANTS have undercompensated BLOOMFIELD

approximately $120,152.31.

*Bloomfield Nursing Operations, LLC, et al.*
*v. Amerigroup Corporation, Amerigroup Community Center of New Mexico, Inc.*
Complaint, *Page 9 of 20*

57.     As of August 31, 2011, DEFENDANTS have undercompensated CASA REAL approximately $174,244.70.

58.     As of August 31, 2011, DEFENDANTS have undercompensated CLAYTON approximately $3,869.19.

59.     As of August 31, 2011, DEFENDANTS have undercompensated COUNTRY COTTAGE approximately $38,162.00.

60.     As of August 31, 2011, DEFENDANTS have undercompensated ESPAÑOLA VALLEY approximately $35,012.46.

61.     As of August 31, 2011, DEFENDANTS have undercompensated RATON approximately $25,355.92.

62.     As of August 31, 2011, DEFENDANTS have undercompensated RED ROCKS approximately $69,166.70.

63.     As of August 31, 2011, DEFENDANTS have undercompensated SANTA FE approximately $130,789.86.

64.     As of August 31, 2011, DEFENDANTS have undercompensated SILVER CITY approximately $110,279.16.

65.     As of August 31, 2011, DEFENDANTS have undercompensated SUNSHINE HAVEN approximately $53,735.55.

66.     By delaying the credentialing process in PLAINTIFFS' facilities, as of August 31, 2011, DEFENDANTS have undercompensated PLAINTIFFS approximately $183,000.00.

67.     Despite assurances by ACCNM's agents that it would not take recoupments without first checking with PLAINTIFFS, ACCNM recouped approximately $100,000.00 without first checking with PLAINTIFFS.

*Bloomfield Nursing Operations, LLC, et al.*
*v. Amerigroup Corporation, Amerigroup Community Center of New Mexico, Inc.*
Complaint, *Page 10 of 20*

68.    PLAINTIFFS have unsuccessfully attempted to resolve these disputes with DEFENDANTS as per the AGREEMENT and CONTRACTS.

## COUNT ONE: PIERCING THE CORPORATE VEIL

69.    PLAINTIFFS reallege all prior paragraphs.

70.    Upon information and belief, AMERIGROUP, as parent corporation to ACCNM, has domination over ACCNM's actions such that ACCNM is an instrument of AMERIGROUP.

71.    DEFENDANTS have common directors and/or officers.

72.    Upon information and belief, ACCNM funneled money earned under the AGREEMENT to AMERIGROUP, INC. In 2009, ACCNM reported paying $18,800,000.00 to its parent AMERIGROUP for administrative services.

73.    AMERIGROUP's annual statements treat work performed by ACCNM under the AGREEMENT as its own alter ego and thus ignore the legal distinction between the two corporations.

74.    ACCNM, as a mere conduit to AMERIGROUP, set up a complex and systematic series of policies, procedures and hurdles through which PLAINTIFFS were forced to navigate in vain attempts to recover for services performed under the CONTRACTS.

75.    Upon information and belief, the DEFENDANTS' actions were driven by the improper purpose of maximizing their profits at the expense of PROVIDERS, including PLAINTIFFS.

76.    As a proximate cause of DEFENDANTS' actions, PLAINTIFFS have suffered economic injury.

## COUNT TWO: INTENTIONAL MISREPRESENTATION

77.    PLAINTIFFS reallege all prior paragraphs.

*Bloomfield Nursing Operations, LLC, et al.*
*v. Amerigroup Corporation, Amerigroup Community Center of New Mexico, Inc.*
Complaint, *Page 11 of 20*

78.   DEFENDANTS' agents made representations of material fact that were not true, including, but not limited to:

a.   representing to PLAINTIFFS that all other PROVIDERS had repaid Medical Care Credits ("MCC") in order to pressure PLAINTIFFS into doing the same. Once PLAINTIFFS agreed, and made full reconciliation payments to DEFENDANTS, DEFENDANTS refused to do the same;

b.   representing to PLAINTIFFS that contracts were necessary to ensure a long-term business relationship with ACCNM when, in fact, no contract was necessary;

c.   representing to PLAINTIFFS that, once executed, the contract would be immediately enforceable, but then refusing to honor the contract when doing so would be unfavorable to the DEFENDANTS; and

d.   promising to pay PLAINTIFFS for bed holds billed under revenue code 190 and then refusing payments under that code.

79.   The DEFENDANTS' agents made such misrepresentations either knowing they were false, or with reckless disregard for their veracity.

80.   DEFENDANTS' agents intended that PLAINTIFFS rely upon such misrepresentations.

81.   PLAINTIFFS in fact relied upon DEFENDANTS' misrepresentations and have suffered injury because of such reliance.

## COUNT THREE: NEGLIGENT MISREPRESENTATION

82.   PLAINTIFFS reallege all prior paragraphs.

83.   DEFENDANTS' agents made untrue statements to PLAINTIFFS regarding the manner in which DEFENDANTS' would honor the AGREEMENT and/or CONTRACTS.

*Bloomfield Nursing Operations, LLC, et al.*
*v. Amerigroup Corporation, Amerigroup Community Center of New Mexico, Inc.*
Complaint, *Page 12 of 20*

84.    DEFENDANTS had no reasonable ground to believe that such statements were true.

85.    DEFENDANTS' agents intended that PLAINTIFFS would rely upon their untrue statements.

86.    PLAINTIFFS in fact relied upon DEFENDANTS' untrue statements and have suffered injury as a result.

## COUNT FOUR: BREACH OF CONTRACT

87.    PLAINTIFFS reallege all prior paragraphs.

88.    The AGREEMENT specifically refers to PROVIDERS, to whom DEFENDANTS would delegate care duties.

89.    Among other things, the AGREEMENT requires DEFENDANTS to:

   a.   honor DEFENDANTS' contractual duties to each PROVIDER; and

   b.   provide assistance to PROVIDERS in submitting and collecting claims for services performed.

90.    At Section 3.2(E), the AGREEMENT prohibits ACCNM rom assigning, transferring or delegating key management functions without written approval form the State. Upon information and belief, ACCNM delegated all management functions to AC and had no independent committees or managers without written approval from the State of New Mexico.

91.    The HSD and DEFENDANTS intended the AGREEMENT to benefit PROVIDERS. The AGREEMENT specifically refers to PROVIDERS as a class of beneficiaries for whose benefit provisions of the AGREEMENT was made.

92.    As a result, PLAINTIFFS are third party beneficiaries to the AGREEMENT.

*Bloomfield Nursing Operations, LLC, et al.*
*v. Amerigroup Corporation, Amerigroup Community Center of New Mexico, Inc.*
Complaint, *Page 13 of 20*

93.     The CONTRACTS required ACCNM to pay PROVIDERS, including

PLAINTIFFS, for Clean Claims. The CONTRACTS define "Clean Claims" as a claim that

"contains substantially all the required data elements necessary for accurate adjudication without

the need for additional information from outside of the health plan's system."

94.     Despite PLAINTIFFS' submission of Clean Claims, as defined by the

CONTRACTS, the DEFENDANTS have refused to honor their obligation to pay PLAINTIFFS

pursuant to the AGREEMENT and/or CONTRACTS.

95.     DEFENDANTS' agents and PLAINTIFFS assented to modification of the

original timeliness terms of the CONTRACTS. Further, the course of dealing between ACCNM

and PLAINTIFFS modified the timeliness terms of the CONTRACTS. After modification,

DEFENDANTS breached the CONTRACTS, as modified, when it refused payment on account

of the original timeliness requirements.

96.     Upon information and belief, ACCNM entered into an administrative and support

services contract ("SERVICE CONTRACT") with AMERIGROUP under which

AMERIGROUP or its agents or apparent agents would process claims for payment made by

PROVIDERS, including PLAINTIFFS here. Under the SERVICE CONTRACT, ACCNM

delegated certain duties, including its duty to pay PROVIDERS for submission of CLEAN

CLAIMS, to AMERIGROUP. Upon information and belief, pursuant to the SERVICE

CONTRACT, ACCNM compensated AMERIGROUP for assuming such duties.

97.     Under Section 10.3 of the CONTRACTS, the assignment from ACCNM to AC

made AC "solely responsible to perform all obligations of Amerigroup with respect to the part

assigned." By failing to pay Plaintiffs' CLEAN CLAIMS, AC is solely responsible to Plaintiffs

under the CONTRACTS.

*Bloomfield Nursing Operations, LLC, et al.*
*v. Amerigroup Corporation, Amerigroup Community Center of New Mexico, Inc.*
Complaint, *Page 14 of 20*

98.     As a result of the delegation of ACCNM's duties to process and pay claims,

AMERIGROUP is obligated to pay PLAINTIFFS under the AGREEMENT and CONTRACTS

as though AMERIGROUP had entered into the AGREEMENT and CONTRACTS themselves.

*See* UJI 13-818; Restatement (Second) of Contracts § 328 (1979).

99.     As a result of the delegation, PLAINTIFFS are either intended third party

beneficiaries to the SERVICE CONTRACT or are members of a class for whom the service

contracts were intended to serve. *See* UJI 13-820. In the alternative, PLAINTIFFS are creditor

beneficiaries who may recover the benefits of the SERVICE CONTRACT to satisfy the debts

that ACCNM owes to PLAINTIFFS under the CONTRACTS. *See* UJI 13-821.

### COUNT FIVE: BAD FAITH

100.     PLAINTIFFS reallege all prior paragraphs.

101.     DEFENDANTS have sought to prevent performance and/or withhold benefits of

the AGREEMENT and/or the CONTRACTS.

102.     DEFENDANTS' willful and intentional actions constitute bad faith in that

Defendants sought to use the terms of the AGREEMENT and/or CONTRACTS to harm

Plaintiffs' chance of recovering under them.

### COUNT SIX: UNFAIR TRADE PRACTICES

103.     PLAINTIFFS reallege all prior paragraphs.

104.     The AGREEMENT and/or CONTRACTS required DEFENDANTS to perform a

number of services for PLAINTIFFS' benefit.

105.     In the process of performing such services, DEFENDANTS made a series of oral

or written statements that were false and/or misleading.

*Bloomfield Nursing Operations, LLC, et al.*
*v. Amerigroup Corporation, Amerigroup Community Center of New Mexico, Inc.*
Complaint, *Page 15 of 20*

106.   DEFENDANTS knowingly made such false and/or misleading statements in the regular course of business under the AGREEMENT and/or CONTRACTS.

107.   DEFENDANTS' misrepresentations would have deceived any reasonable person, and in fact did deceive PLAINTIFFS.

### COUNT SEVEN: UNJUST ENRICHMENT

108.   PLAINTIFFS reallege all prior paragraphs.

109.   Upon information and belief, despite DEFENDANTS' refusal to pay PLAINTIFFS for services that PLAINTIFFS have provided, DEFENDANTS have collected capitation and/or Fee-For-Service payments from the HSD for those services.

110.   This includes payment for durable medical equipment services for which ACCNM, and specifically not PLAINTIFFS, are contractually responsible. Though the AGREEMENT makes ACCNM the party responsible for providing these services, PLAINTIFFS have provided, and continue to provide, them in the best interest of the patient. Though ACCNM denies payment to PLAINTIFFS, it receives money under the AGREEMENT from HSD.

111.   It would be manifestly unfair to allow DEFENDANTS to keep the money paid by the HSD for coordinating care for CoLTS members, but not require the DEFENDANTS to pay PLAINTIFFS for incurring the cost of, and actually providing, such services.

### COUNT EIGHT: PROMISSORY ESTOPPEL

112.   PLAINTIFFS reallege all prior paragraphs.

113.   DEFENDANTS' agents' made a series of promises to PLAINTIFFS as set forth above.

114.   DEFENDANTS' promises were such that it was reasonably foreseeable that PLAINTIFFS would rely upon them.

*Bloomfield Nursing Operations, LLC, et al.*
*v. Amerigroup Corporation, Amerigroup Community Center of New Mexico, Inc.*
Complaint, *Page 16 of 20*

115.    PLAINTIFFS reasonably relied upon DEFENDANTS' agents' promises by, among other things, submitting bed hold claims under the revenue code 190. PLAINTIFFS have further relied on DEFENDANTS' promises by reconciling overpayments owed by PLAINTIFFS to DEFENDANTS, and by performing pursuant to the modified CONTRACTS, as instructed by DEFENDANTS.

116.    PLAINTIFFS have relied upon, and suffered substantial damages, as a result of DEFENDANTS' false promises.

## COUNT NINE: BREACH OF IMPLIED WARRANTY

117.    Plaintiffs reallege all prior paragraphs.

118.    Implied in both the AGREEMENT and the CONTRACTS are implied warranties of quality of workmanship and warranty to use reasonable skill.

119.    DEFENDANTS failed to provide reasonable access to quality education and quality technical assistance for submission of claims and reimbursement for services provided. By having inaccessible, contradicting and confusing portals through which claims for payment must be made, DEFENDANTS breached the implied warranties in the AGREEMENT and the CONTRACTS.

## COUNT TEN: TORTIOUS INTERFERENCE WITH CONTRACT

120.    Plaintiffs reallege all prior paragraphs.

121.    AMERIGROUP had knowledge of the CONTRACTS between Plaintiffs and ACCNM.

122.    Performance of the payment obligations to the Plaintiffs under the CONTRACTS was partially refused by ACCNM and AMERIGROUP.

*Bloomfield Nursing Operations, LLC, et al.*
*v. Amerigroup Corporation, Amerigroup Community Center of New Mexico, Inc.*
Complaint, *Page 17 of 20*

123.     On information and belief, AMERIGROUP played an active and substantial part in causing Plaintiffs to partially lose the benefits of the CONTRACTS, and it acted recklessly or maliciously.

124.     Damages to the Plaintiffs flowed from the breached CONTRACTS.

125.     AMERIGROUP induced the breaches without justification or privilege to do so.

### COUNT ELEVEN: CIVIL CONSPIRACY

126.     Plaintiffs reallege all prior paragraphs.

127.     On information and belief a conspiracy existed between the defendants.

128.     On information and belief, specific wrongful acts, including AMERIGROUP'S tortious interference with the CONTRACTS, were carried out by the DEFENDANTS pursuant to the conspiracy.  The DEFENDANTS acted maliciously.

129.     Plaintiffs were damaged as a result of such acts.

**WHEREFORE**, PLAINTIFFS respectfully request this Court to:

1.     Enter an order holding AMERIGROUP per se liable for its conduct as well as that of ACCNM, and ACCNM's agents, for the conduct alleged in Count One;

2.     Enter an order holding AMERIGROUP (as delegatee) and ACCNM (as delegator) jointly and severally liable for not paying Clean Claims, as defined by the AGREEMENT and CONTRACTS, as alleged in Count Four;

3.     Enter a judgment for compensatory damages in an amount to be determined at trial, costs, attorneys' fees, pre- and post-judgment interest, and for such relief as permitted by law for DEFENDANTS' conduct as alleged in Counts Two, Three, Four, Five, Eight and Nine;

4.     Enter a judgment for punitive damages on account of DEFENDANTS' willful, reckless and intentional actions as alleged in Counts Two and Five;

*Bloomfield Nursing Operations, LLC, et al.*
*v. Amerigroup Corporation, Amerigroup Community Center of New Mexico, Inc.*
Complaint, *Page 18 of 20*

5.    Institute a constructive trust over the money wrongfully withheld by DEFENDANTS and enter an order requiring DEFENDANTS to pay its profits gained and all other amounts by which they were unjustly enriched, as alleged in Seven;

6.    Enter a judgment for treble damages plus attorneys' fees for DEFENDANTS' conduct as alleged in Count Six;

7.    Enter a judgment for compensatory and punitive damages against AMERIGROUP for conduct as alleged in Count Ten;

8.    Enter a judgment for compensatory and punitive damages against the Defendants for conduct as alleged in Count Eleven; and

9.    Enter a judgment for costs, attorneys' fees, pre and post-judgment interest and all other available relief against Defendants on all Counts.

DAN SHAPIRO PC

By:    "Electronically Filed"
/s/ Dan Shapiro, Attorney at Law
4215 Lead Ave. SE
Albuquerque, New Mexico 87108
(505) 268-7608
*Attorneys for Plaintiff*

-And-

**GREGORY W. CHASE, P.C.**
Andrew D. Scholl
7801 Academy, Bld. 2, Suite 104
Albuquerque, NM 87109
(505) 888-6463
Fax: (505) 888-6465
*Attorneys for Plaintiff*

---

*Bloomfield Nursing Operations, LLC, et al.*
*v. Amerigroup Corporation, Amerigroup Community Center of New Mexico, Inc.*
Complaint, *Page 19 of 20*

## CERTIFICATE OF SERVICE

I certify that on April 24, 2014, this *First Amended Complaint* was served upon the following

counsel via electronic mail:

Randy Bartell, Esq.
rbartell@montand.com
Sharon Shaheen, Esq.
sshaheen@montand.com
Montgomery & Andrews, PA
P.O. Box 2307
Santa Fe, NM 87504
*Attorneys for Defendants*

DAN SHAPIRO PC

By:   "Electronically Filed"
      /s/ Dan Shapiro, Attorney at Law
      4215 Lead Ave. SE
      Albuquerque, New Mexico 87108
      (505) 268-7608
      *Attorney for Plaintiffs*

*Bloomfield Nursing Operations, LLC, et al.*
*v. Amerigroup Corporation, Amerigroup Community Center of New Mexico, Inc.*
Complaint, *Page 20 of 20*

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/8/2014 4:24:19 PM
GREGORY T. IRELAND

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

Christina Villa

BLOOMFIELD NURSING OPERATIONS, LLC, et al.

       Plaintiffs,

vs.

Case No. D-202-CV-2011-12063

AMERIGROUP CORPORATION, INC., and
AMERIGROUP COMMUNITY CARE OF
NEW MEXICO, INC.

       Defendants.

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants AMERIGROUP Corporation and Amerigroup Community Care of New Mexico, Inc. state as follows for their Answer to Plaintiffs' First Amended Complaint ("Complaint"):

1.    In response to paragraph 1, Defendants admit upon information and belief that at all times relevant to this lawsuit Plaintiff Bloomfield Nursing Operations, LLC, is a limited liability company formed under the laws of the State of Delaware that it was doing business as Bloomfield Nursing and Rehab.  Defendants deny any remaining allegations therein.

2.    In response to paragraph 2, Defendants admit upon information and belief that at all times relevant to this lawsuit, Plaintiff Casa Real Nursing Operations, LLC, is a limited liability company formed under the laws of the State of Delaware and that it was doing business as Casa Real.  Defendants deny any remaining allegations therein.

3.    In response to paragraph 3, Defendants admit upon information and belief that Plaintiff Clayton Nursing Operations, LLC, is a limited liability company formed under the laws of the State of Delaware and that it was doing business as Clayton Nursing and Rehab Center at all times relevant to this lawsuit.  Defendants deny any remaining allegations therein.

4.      In response to paragraph 4, Defendants admit upon information and belief that Plaintiff Country Cottage Nursing Operations, LLC, is a limited liability company formed under the laws of the State of Delaware and that it was doing business as Country Cottage Care and Rehab at all times relevant to this lawsuit. Defendants deny any remaining allegations therein.

5.      In response to paragraph 5, Defendants admit upon information and belief that Plaintiff Española Valley Nursing Operations, LLC, is a limited liability company formed under the laws of the State of Delaware and that it was doing business as Española Valley Nursing and Rehab at all times relevant to this lawsuit. Defendants deny any remaining allegations therein.

6.      In response to paragraph 6, Defendants admit upon information and belief that Plaintiff Raton Nursing Operations, LLC, is a limited liability company formed under the laws of the State of Delaware and that it was doing business as Raton Nursing and Rehab Center at all times relevant to this lawsuit. Defendants deny any remaining allegations therein.

7.      In response to paragraph 7, Defendants admit upon information and belief that Plaintiff Red Rocks Nursing Operations, LLC, is a limited liability company formed under the laws of the State of Delaware and that it was doing business as Red Rocks Care Center at all times relevant to this lawsuit. Defendants deny any remaining allegations therein.

8.      In response to paragraph 8, Defendants admit upon information and belief that Plaintiff Santa Fe Nursing Operations, LLC, is a limited liability company formed under the laws of the State of Delaware and that it was doing business as Santa Fe Care Center at all times relevant to this lawsuit. Defendants deny any remaining allegations therein.

9.      In response to paragraph 9, Defendants admit upon information and belief that Plaintiff Silver City Nursing Operations, LLC, is a limited liability company formed under the laws of the State of Delaware and that it was doing business as Silver City Care Center at all times relevant to this lawsuit. Defendants deny any remaining allegations therein.

10.     In response to paragraph 10, Defendants admit upon information and belief that Plaintiff Sunshine Haven Nursing Operations, LLC, is a limited liability company formed under the laws of the State of Delaware and that it was doing business as Sunshine Haven at Lordsburg. Defendants deny any remaining allegations therein.

11.     Defendants admit the allegations of paragraphs 11-14.

12.     Defendants deny the allegations of paragraphs 15-17.

13.     Defendants admit the allegations of paragraph 18.

14.     With respect to paragraph 19, Defendants admit only that the CoLTs program was a new approach to coordinating and delivering health care to certain New Mexico residents and deny the remaining allegations.

15.     With respect to paragraph 20, Defendants admit only that Defendant Amerigroup Community Care of New Mexico entered into a contract with the State of New Mexico and state that the contract speaks for itself. Defendants deny any allegation inconsistent therewith.

16.     Defendants deny the allegations in paragraphs 21-24.

17.     With respect to paragraph 25, Defendants admit that training sessions were held and deny the remaining allegations.

18.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 26 and therefore deny the same.

19.     Defendants deny the allegations in paragraphs 27-29.

20.     With respect to paragraph 30, Defendants state that the contracts speak for themselves and deny any allegations inconsistent therewith.

21.     Defendants admit the allegations in paragraph 31.

22.     Defendants deny the allegations in paragraphs 32-52.

23.     With respect to the allegations of paragraph 53, Defendants admit only that

AMERIGROUP Corporation's revenue exceeded five billion dollars in 2009 and deny all remaining allegations.

24.     Defendants deny the allegations in paragraph 54-68.

### Count One: Piercing the Corporate Veil

25.     Defendants incorporate their responses to paragraphs 1 through 68 set forth above as their response to paragraph 69.

26.     Defendants deny the allegations in paragraphs 70-76.

### Count Two: Intentional Misrepresentation

27.     Defendants incorporate their responses to paragraphs 1 through 76 set forth above as their response to paragraph 77.

28.     Defendants deny all allegations in paragraph 78, including all subparts thereto.

29.     Defendants deny the allegations in paragraphs 79-81.

### Count Three: Negligent Misrepresentation

30.     Defendants incorporate their responses to paragraphs 1 through 81 set forth above as their response to paragraph 82.

31.     Defendants deny the allegations in paragraphs 83-86.

### Count Four: Breach of Contract

32.     Defendants incorporate their responses to paragraphs 1 through 86 set forth above as their response to paragraph 87.

33.     With respect to paragraphs 88-89, Defendants state that the referenced contract speaks for itself and deny any allegations inconsistent therewith.

34.     With respect to paragraph 89, Defendants state that the referenced contract speaks for itself and deny any allegation inconsistent therewith. Defendants deny all remaining allegations in paragraph 89.

35.      With respect to paragraph 90, Defendants state that the referenced contract speaks for itself and deny any allegation inconsistent therewith.  Defendants deny all remaining allegations in paragraph 90.

36.      Defendants deny the allegations in paragraphs 91-92.

37.      With respect to paragraph 93, Defendants state that the referenced contract speaks for itself and deny any allegation inconsistent therewith.

38.      Defendants deny the allegations in paragraphs 94-90.

39.      Defendants deny the allegations in paragraph 95.

40.      With respect to paragraphs 96-97, Defendants state that the referenced contract speaks for itself and deny any allegation inconsistent therewith.

41.      Defendants deny the factual allegations in paragraph 98.  To the extent that the allegations in paragraph 98 are legal conclusions, no response is required; however, to the extent a response is required, Defendants state that the contract speaks for itself, and Defendants deny any allegations inconsistent therewith.

### Count Five: Bad Faith

42.      Defendants deny the allegations in paragraph 99.

43.      Defendants incorporate their responses to paragraphs 1 through 99 set forth above as their response to paragraph 100.

44.      Defendants deny the allegations in paragraph 101.

45.      Defendants deny the allegations in paragraph 102.

### Count Six: Unfair Trade Practices

46.      Defendants incorporate their responses to paragraphs 1 through 102 set forth above as their response to paragraph 103.

47.      Defendants deny the allegations in paragraphs 104-107.

### Count Seven: Unjust Enrichment

48.     Defendants incorporate their responses to paragraphs 1 through 107 set forth above as their response to paragraph 108.

49.     Defendants deny the allegations in paragraphs 109-111.

### Count Eight: Promissory Estoppel

50.     Defendants incorporate their responses to paragraphs 1 through 111 set forth above as their response to paragraph 112.

51.     Defendants deny the allegations in paragraphs 113-116.

### Count Nine: Breach of Implied Warranty

52.     Defendants incorporate their responses to paragraphs 1 through 116 set forth above as their response to paragraph 117.

53.     With respect to the allegations of paragraph 118, Defendants state that they are pure legal conclusions to which no response is required; however, to the extent a response is required, Defendants state that the contract speaks for itself, and Defendants deny any allegations inconsistent therewith.

54.     Defendants deny the allegations in paragraph 119.

### Count Ten: Tortious Interference with Contract

55.     Defendants incorporate their responses to paragraphs 1 through 119 set forth above as their response to paragraph 120.

56.     Defendants admit the allegation in paragraph 121.

57.     Defendants deny the allegations in paragraphs 122-125.

### Count Eleven: Civil Conspiracy

58.     Defendants incorporate their responses to paragraphs 1 through 125 set forth above as their response to paragraph 126.

59.     Defendants deny the allegations in paragraphs 127-129.

60.     Defendants deny each and every allegation not specifically admitted above.

61.     Defendants deny that Plaintiffs are entitled to any of the relief sought in the WHEREFORE clauses of Plaintiffs' Complaint.

## ADDITIONAL DEFENSES

1.      The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.      Plaintiffs have failed to comply with the contractually required mandatory dispute resolution and their claims should be dismissed or stayed pending compliance with the contracts at issue.

3.      To the extent Plaintiffs have been damaged, which damages are expressly denied, Plaintiffs have failed to take proper and reasonable steps to mitigate such damages.  Plaintiffs' recovery, if any, should be reduced in proportion to the extent of the failure to mitigate.

4.      Some or all of Plaintiffs' claims are barred by their own inequitable conduct or under the doctrines of accord and satisfaction, estoppel, waiver, payment and/or release.

5.      Plaintiffs' claims are barred, in whole or in part, by their own comparative bad faith or comparative fault.

6.      Plaintiffs' claims against Defendants are barred by the limitation period set out in the contract upon which they seek relief.

7.      Plaintiffs' claims against Defendants are barred by the prerequisites set out in the contract upon which they seek relief.

8.      Plaintiffs have failed to allege a cognizable cause of action against Defendants, under the Unfair Practices Act and, accordingly, Defendants should be awarded their attorney fees, as allowed pursuant to statute, in defending such claims.

9.      No award of punitive damages can be made to Plaintiffs because, among other things:

a.      Such an award of punitive damages would amount to a deprivation of Defendants' property without due process of law, in violation of the provisions of the United States and New Mexico Constitutions, and would otherwise violate due process.

b.      No legislation has been passed authorizing punitive damages in civil actions such as this or placing any limit on the amount of punitive damages actually recoverable in such actions.

c.      The criteria which would be used in determining whether punitive damages could be awarded are impermissibly vague, imprecise and inconsistent, and are therefore violative of the due process provisions of the United States and New Mexico Constitutions.

d.      An award of punitive damages in this civil action would amount to an excessive fine, in violation of the provisions of the United States and New Mexico Constitutions.

e.      An award of punitive damages which allows consideration of the relative financial positions of the parties, is violative of the due process provisions of the United States and New Mexico Constitutions.

f.      An award of punitive damages in this action would violate the equal protection clauses of the United States and New Mexico Constitutions and would constitute cruel and unusual punishment in violation of the provisions of those constitutions.

9.      AMERIGROUP Corporation is not a proper party defendant in this case. Defendants specifically reserve the right to recover all available sanctions, including without limitation all attorney fees and costs, associated with the defense of AMERIGROUP Corporation in this case.

10.     Upon information and belief, plaintiff Sunshine Haven Nursing Operations was not

eligible for payment due to a CMS sanction that was in effect during the pertinent time frame.

11.     Plaintiffs are barred from recovery for their prior breaches of the contracts.

12.     Plaintiffs are barred from recovery for their failure to comply with state and federal Medicaid and Medicare requirements.

13.     Plaintiffs lack standing to assert a claim in reliance on the agreement between Amerigroup Community Care of New Mexico, Inc. and the State of New Mexico.

14.     Defendants are entitled to be paid by Plaintiffs for overpayments made, which shall constitute an offset or recoupment to any award of damages or compensation in favor of Plaintiffs.

15.     Defendants state that they do not know which, if any, additional affirmative defenses may apply.  Defendants have neither knowingly nor intentionally waived any applicable affirmative defenses. If Defendants later learn that additional affirmative defenses may apply, Defendants will seek leave to amend its answers to raise such other affirmative defenses.

WHEREFORE, having fully answered the Complaint, Defendants respectfully request that Plaintiffs' Complaint be dismissed with prejudice, or in the alternative, that judgment be rendered in favor of Defendants and against Plaintiffs, and that Defendants recover any such other further relief as the Court deems just and proper.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT

For its counterclaim and third-party complaint Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Amerigroup Community Care of New Mexico ("ACCNM") states as follows:

1.      Counterclaim and third-party complaint Plaintiff ACCNM is a New Mexico corporation which has its principal place of business in Bernalillo County, New Mexico.

2.      Counter-Defendant Bloomfield Nursing Operations, LLC is a Delaware limited liability company registered to do business in New Mexico, with its principal place of business in Texas.

3.      Counter-Defendant Casa Real Nursing Operations, LLC is a Delaware limited liability company registered to do business in New Mexico, with its principal place of business in Texas.

4.      Counter-Defendant Clayton Nursing Operations, LLC is a Delaware limited liability company registered to do business in New Mexico, with its principal place of business in Texas.

5.      Counter-Defendant Country Cottage Nursing Operations, LLC is a Delaware limited liability company registered to do business in New Mexico, with its principal place of business in Texas.

6.      Counter-Defendant Española Valley Nursing Operations, LLC is a Delaware limited liability company registered to do business in New Mexico, with its principal place of business in Texas.

7.      Counter-Defendant Raton Nursing Operations, LLC is a Delaware limited liability company registered to do business in New Mexico, with its principal place of business in Texas.

8.      Counter-Defendant Red Rocks Nursing Operations, LLC is a Delaware limited liability company registered to do business in New Mexico, with its principal place of business in Texas.

9.      Counter-Defendant Santa Fe Nursing Operations, LLC is a Delaware limited liability company registered to do business in New Mexico, with its principal place of business in Texas.

10.     Counter-Defendant Silver City Nursing Operations, LLC is a Delaware limited liability company registered to do business in New Mexico, with its principal place of business in Texas.

11.     Counter-Defendant Sunshine Haven Nursing Operations, LLC is a Delaware limited liability company registered to do business in New Mexico, with its principal place of business in Texas.

12.     Third-Party Defendant New Mexico Skilled Care, LLC ("NMSC") is a Delaware limited liability company which, upon information and belief, has its principal place of business in the State of Texas.

13.     Third-Party Defendant CR Acquisitions, Inc. ("CR") is a Texas corporation which, upon information and belief, has its principal place of business in the State of Texas.

14.     Third-Party Defendant Renaissance Rehabilitation Services, LLC ("Renaissance") is a Texas limited liability company which, upon information and belief, has its principal place of business in the State of Texas.

15.     Third-Party Defendant Cathedral Rock Management LP ("Cathedral Rock Management") is a Texas partnership which, upon information and belief, has its principal place of business in the State of Texas.

16.     Third-Party Defendant Cathedral Rock Corporation is a Texas corporation which, upon information and belief, has its principal place of business in the State of Texas.

17.     NMSC is a holding company that owns 100% of each Plaintiff.

18.     Cathedral Rock Management is the management agent for each Plaintiff.

19.     Cathedral Rock Corporation is a holding company that owns Cathedral Rock Management LP.

20.     NMSC, CR, Renaissance, Cathedral Rock Management, and Cathedral Rock Corporation are collectively referred to herein as "Cathedral Rock" and formally owned and operated the named Plaintiffs in this case.

21.     At all times relevant to this Counterclaim/Third-Party Complaint, Cathedral Rock managed the claims processing by Plaintiffs, which is at issue in this lawsuit.

22.     On or about September 28, 2012, Cathedral Rock sold all of the leasehold interests of the named Plaintiffs as lessees in the nursing facilities formerly operated by the named Plaintiffs,

together with certain operational assets to a third party.

23.     Pursuant to the terms of the Asset Purchase Agreement executed by Cathedral Rock and the third-party buyer on or about September 29, 2012, Cathedral Rock retained all cash, cash equivalents, accounts receivable, notes receivable, tax and other refunds, deposit accounts, equipment escrows, securities, refunds, insurance contracts, and promissory notes, among other assets.

24.     Cathedral Rock is the real party in interest with respect to the claims asserted by the Plaintiffs in this litigation.

25.     In the course of processing claims submitted by Plaintiffs ACCNM paid certain claims which subsequently were determined not to be payable by ACCNM.  The overpayments are approximately as follows:

      a.  Plaintiff/Counterclaim Defendant Bloomfield Nursing Operations, LLC: $14,324.44.

      b.  Plaintiff/Counterclaim Defendant Casa Real Nursing Operations, LLC: $40,708.24.

      c.  Plaintiff/Counterclaim Defendant Clayton Nursing Operations, LLC: $11,272.12.

      d.  Plaintiff/Counterclaim Defendant Country Cottage Nursing Operations, LLC: $3,856.49.

      e.  Plaintiff/Counterclaim Defendant Espanola Valley Nursing Operations, LLC: $31,381.23.

      f.  Plaintiff/Counterclaim Defendant Raton Nursing Operations, LLC: $24,308.00.

      g.  Plaintiff/Counterclaim Defendant Red Rocks Nursing Operations, LLC: $43,846.30.

      h.  Plaintiff/Counterclaim Defendant Santa Fe Nursing Operations, LLC: $25,239.94.

      i.  Plaintiff/Counterclaim Defendant Silver City Nursing Operations, LLC: $41,062.23.

      j.  Plaintiff/Counterclaim Defendant Sunshine Haven Nursing Operations, LLC: $20,107.76.

k. Counterclaim Defendant Silverstone at Santa Fe: $333.22.

26.     Normally such overpayments would be recouped by ongoing adjustments in payments to the providers pursuant to Article 4.5 of the provider agreements between ACCNM and Plaintiffs (except for Plaintiff Sunshine Haven Nursing Operations, LLC). With the sale of Plaintiffs' operational assets, however, Plaintiffs ceased submitting new claims and it was no longer possible to recoup the overpayments.

27.     As the owner of the non-operational assets of Plaintiffs, Cathedral Rock is the party responsible for repayment of the overpaid amounts.

28.     Defendant/Counterclaim Plaintiff ACCNM has demanded repayment of the overpaid amounts, but Plaintiffs/Counterclaimants and Third-Party Defendants Cathedral Rock have refused payment.

29.     Pursuant to the provider agreements between ACCNM and Plaintiffs, ACCNM is entitled to recover its attorney's fees and costs of collection.

WHEREFORE Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Amerigroup Community Care New Mexico, Inc. demands that the overpayment of claims to Plaintiffs/Counterclaim Defendants be repaid together with attorney's fees and costs and such other and further relief as the Court deems proper.

Respectfully Submitted:

MONTGOMERY & ANDREWS, P.A.

*/s/ Randy S. Bartell*
Randy S. Bartell
Sharon T. Shaheen
P.O. Box 2307
Santa Fe, NM  87504-2307
(505) 986-2678
rbartell@montand.com
sshaheen@montand.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2014, I caused a copy of the foregoing to be filed and served

via the Court's electronic filing system on the following:

Dan Shapiro
**DAN SHAPIRO PC**
4215 Lead Avenue, SE
Albuquerque, New Mexico 87108
danshap@shapbett.com
(505) 268-7608
*Attorneys for Plaintiff*

Gregory Chase
Andrew D. Scholl
**GREGORY W. CHASE, P.C.**
7801 Academy, Bld. 2, Suite 104
Albuquerque, NM 87109
andy@shapbett.com
(505) 888-6463
*Attorneys for Plaintiff*

_____ */s/ Randy S. Bartell* _____

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/2/2014 3:03:27 PM
GREGORY T. IRELAND
Gwendolen Lindquist

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

No. D-202-CV-2011-12063

BLOOMFIELD NURSING OPERATIONS, LLC,
CASA REAL NURSING OPERATIONS, LLC,
CLAYTON NURSING OPERATIONS, LLC,
COUNTRY COTTAGE NURSING OPERATIONS, LLC,
ESPAÑOLA VALLEY NURSING OPERATIONS, LLC,
RATON NURSING OPERATIONS, LLC,
RED ROCKS NURSING OPERATIONS, LLC,
SANTA FE NURSING OPERATIONS, LLC,
SILVER CITY NURSING OPERATIONS, LLC,
SUNSHINE HAVEN NURSING OPERATIONS, LLC,

      Plaintiffs,

vs.

AMERIGROUP CORPORATION, a Delaware for-profit
corporation; and AMERIGROUP COMMUNITY
CARE OF NEW MEXICO, INC., a New Mexico
for-profit corporation.

      Defendants.

### PLAINTIFFS' REPLY TO COUNTERCLAIM
### AND ANSWER TO THIRD-PARTY COMPLAINT

Counter-Defendants and Third-Party Defendants (as stated in the Counterclaim and

Third-Party Complaint) say:

1.     Paragraphs 1, 12, 13, 14, 15, 16, 17 and 18 of the Counterclaim and Third-Party

Complaint are admitted.

2.     Paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28 and

29 of the Counterclaim and Third-Party Complaint are denied.

## AFFIRMATIVE DEFENSES

3.      The Third-Party Complaint and the Counterclaim, in whole or in part, fail to state a claim upon which relief can be granted.

4.      Third-Party Plaintiffs and counterclaimants have failed to comply with the contractually required mandatory dispute resolution and their third-party claims should be dismissed.

5.      To the extent Third-Party Plaintiffs and counterclaimants have been damaged, which damages are expressly denied, Third-Party Plaintiffs and counterclaimants have failed to take proper and reasonable steps to mitigate such damages. Third-Party Plaintiffs and counterclaimants' recovery, if any, should be reduced in proportion to the extent of the failure to mitigate.

6.      Some or all of Third-Party Plaintiffs' and counterclaimants' claims are barred by their own inequitable conduct or under the doctrines of accord and satisfaction, estoppel, waiver, laches, fraud, illegality, payment and/or release.

7.      Third-Party Plaintiffs and counterclaimants' claims are barred, in whole or in part, by their own comparative bad faith or comparative fault.

8.      Third-Party Plaintiffs' and counterclaimants' claims against Defendants are barred by the limitation period set out in the contract upon which they seek relief.

9.      Third-Party Plaintiffs' and counterclaimants' claims against Defendants are barred by the prerequisites set out in the contract upon which they seek relief and by other contracts.

WHEREFORE, Counter-Defendants and Third-Party Defendants request the Court to dismiss all counterclaims and third-party complaints, costs, and attorney's fees, and for all other relief to which they are entitled.

DAN SHAPIRO PC

By:     "Electronically Filed"
        /s/ Dan Shapiro, Attorney at Law
        4215 Lead Ave. SE
        Albuquerque, New Mexico 87108
        (505) 268-7608
        *Attorneys for Plaintiff*

-And-

**GREGORY W. CHASE, P.C.**
Andrew D. Scholl
7801 Academy, Bld. 2, Suite 104
Albuquerque, NM 87109
(505) 888-6463
Fax: (505) 888-6465
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on June 2, 2014, this *Plaintiffs' Reply to Counterclaim and Answer to Third-Party Complaint* was served upon the following counsel via electronic mail:

Randy Bartell, Esq.
rbartell@montand.com
Sharon Shaheen, Esq.
sshaheen@montand.com
Montgomery & Andrews, PA
P.O. Box 2307
Santa Fe, NM 87504
*Attorneys for Defendants*

DAN SHAPIRO PC

By:   "Electronically Filed"
<u>/s/  Dan Shapiro,</u> Attorney at Law
4215 Lead Ave. SE
Albuquerque, New Mexico 87108
(505) 268-7608
*Attorney for Plaintiffs*

FILED IN MY OFFICE
DISTRICT COURT CLERK
2/22/2012 5:39:43 PM
GREGORY T. IRELAND
gl

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

    No. CV-2011-12063

BLOOMFIELD NURSING OPERATIONS, LLC, CASA REAL NURSING OPERATIONS, LLC, CLAYTON NURSING OPERATIONS, LLC, COUNTRY COTTAGE NURSING OPERATIONS, LLC, ESPAÑOLA VALLEY NURSING OPERATIONS, LLC, RATON NURSING OPERATIONS, LLC, RED ROCKS NURSING OPERATIONS, LLC, SANTA FE NURSING OPERATIONS, LLC, SILVER CITY NURSING OPERATIONS, LLC, SUNSHINE HAVEN NURSING OPERATIONS, LLC,

    Plaintiffs,

vs.

AMERIGROUP CORPORATION, INC., a Delaware for-profit corporation; and AMERIGROUP COMMUNITY CARE OF NEW MEXICO, INC., a New Mexico for-profit corporation.

    Defendants.

## JURY DEMAND

    Plaintiffs demand a trial by a jury of twelve (12) persons.  Plaintiffs authorize the billing of $300 to their counsel's credit card through their e-filing account.

                SHAPIRO BETTINGER CHASE LLP


            By:   "Electronically Filed"
                /s/ Dan Shapiro, Attorney at Law
                7411 Jefferson St. NE
                Albuquerque, New Mexico 87109
                (505) 888-6463
                *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on February 23, 2012, copies of this Jury Demand were given to a staff person whose regular duties include printing out an envelope for each opposing counsel, with the opposing counsel's name and address printed from a database maintained by my law firm.  The staff person's regular duties also include placing these documents into each appropriately addressed envelope, and depositing it in my law firm's regularly maintained outgoing mail container:

The envelopes were addressed to:

Lisa Mann
Modrall Sperling
P.O. Box 2168
Albuquerque, NM 87103

My law firm's regular practice is to place postage on all envelopes in the mail container and then to mail them.  This process is regularly completed during the same day I provide the documents to the staff person.

SHAPIRO BETTINGER CHASE LLP


By:     "Electronically Filed"
        /s/  Dan Shapiro, Attorney at Law
        7411 Jefferson St. NE
        Albuquerque, New Mexico 87109
        (505) 888-6463
        Attorneys for Plaintiffs